IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISRICT OF OKLAHOMA

SEAN BUCKNER, an individual, and
RONALD E. DURBIN, II, an individual,

   Plaintiff,

vs.

JOEY DON OLIVER, an individual,
TOWN OF BOKOSHE, a political subdivision of
the State of Oklahoma,
SHALOA EDWARDS, an individual,
KATHERINE FAITH BROYLES, an individual,
and
ALBERT DALE WHITECOTTON, an individual,

   Defendants.

Case No. CV-24-299-JAR

## MOTION TO DISMISS

  COMES NOW, Defendant, Town of Bokoshe (sometimes referred to herein as "Town"), by and through its attorneys of record of the firm Steidley & Neal, and for its Motion to Dismiss (herein "Motion"). In support of this Motion, Defendant Town respectfully submit as follows:

### INTRODUCTION

  Bokoshe is a Municipality within Sequoyah County. Joey Don Oliver (herein "Oliver") is employed as the Chief of the Bokoshe Police Department. Plaintiff Sean Buckner and Plaintiff Ronald E. Durbin II (herein "Plaintiffs") filed their Petition in Sequoyah County District Court on July 25, 2024 against Defendant Town, and against Defendant Oliver, in his individual capacity. Additionally, Defendant Shaloa Edwards (herein "Edwards") and Defendant Katherine Faith Broyles (herein "Broyles") were also named as parties. Defendants Edwards and Broyles are each named as defendants in their individual capacity, and were not employees of the Town.

  Plaintiffs filed their First Amended Petition (herein "Amended Petition") on July 26, 2024. In the Amended Petition, Plaintiffs included an additional cause of action, and added Defendant Albert Dale Whitecotton (herein "Whitecotton") as a named party. The Amended Petition contains

1

fifty (50) paragraphs of factual allegations. Whitecotton is named as an individual, and is not an employee of the Town.

In the Amended Petition, Plaintiffs assert seven (7) causes of action against Town. The causes of action alleged against Town are: 1) Abuse of Process; 2) Intentional Infliction of Emotional Distress; 3) Violation of Civil Rights; 4) Injunction; 5) Interference with Contract; and 6) Demand for Access and Inspection of Records. Plaintiffs additionally asserts a seventh cause of action; alleging that actions of Defendant Whitecotton establish a cause of action for Assault. Plaintiffs inexplicably demand recovery from "all Defendants" for the alleged actions of Defendant Whitecotton.

For reasons set forth more particularly below, Plaintiffs are not entitled to recover from Defendant Town for any of the asserted causes of action, and the Court should enter an Order of Dismissal as to Defendant Town upon each of the causes of action asserted in the Amended Petition.

### RECITATION OF RELEVANT FACTS

1. Defendant Oliver was employed as the Chief of Police of the Town of Bokoshe.
2. Defendant Oliver has never been directed by the Town of Bokoshe to pursue any action for Protective Order against the Plaintiffs.
3. Defendant Oliver has never been directed by the Town of Bokoshe to file any other civil or criminal matter against the Plaintiffs.
4. On or about July 23, 2024, Defendant Oliver filed a Petition for Protective Order against each of the Plaintiffs in the County of Leflore.
5. Because Defendant Oliver is not a resident of Leflore County, both of said Petitions were denied.
6. On or about July 24, 2024, Defendant Oliver then filed a Petition for Protective Order against each of the Plaintiffs in the County of Sequoyah.
7. The Town of Bokoshe has not been involved in any capacity with any of the Protective Order proceedings mentioned above.

## STANDARD AND BURDEN

In federal court, the procedural rules are codified in the Federal Rules of Civil Procedure for the United States District Courts (FRCP). The rules of procedure defined in the FRCP include requirements for proper pleading practice. Said rules regarding pleadings and motions can be found at FED. R. CIV. P., Rule 7 through Rule 16.

Pursuant to the FRCP, a defendant may plead certain defenses as grounds for a motion to dismiss a civil cause of action. The grounds for dismissal include failure to state a claim upon which relief can be granted, and a lack of jurisdiction in the court.[1] In cases in which a plaintiff fails to plausibly allege an element that is both a merit element of a claim and a jurisdictional element, the district court may dismiss the claim under the rule governing motions to dismiss for lack of subject-matter jurisdiction, the rule governing motions to dismiss for failure to state a claim upon which relief can be granted, or both; the label does not change the lack of subject-matter jurisdiction, and the claim fails on the merits because it does not state a claim upon which relief can be granted.[2] A motion to dismiss is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief.[3]

According to FED. R. CIV. P. 8(a)(2), a complaint must include a **short and plain statement** of the claim showing that the pleader is entitled to relief. Plaintiff's Complaint fails to satisfy this required element. A district court, "as part of its inherent power to manage its own docket, may dismiss a case […] for any of the reasons prescribed in FED. R. CIV. P. 41(b)."[4] One such prescribed reason is for failure to comply with the FRCP. As stated by the Tenth Circuit: "to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the [FRCP]."[5]

---

[1] FRCP Rule 12.
[2] *Brownback v. King*, 592 U.S. 209, 218, 141 S. Ct. 740, 749–50, 209 L. Ed. 2d 33 (2021).
[3] *Ash Creek Min. Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992); citing: *Huxall v. First State Bank*, 842 F.2d 249, 251 (10th Cir.1988). See also: *Foshee v. Daoust Const. Co.*, 185 F.2d 23, 25 (7th Cir. 1950); *Publicity Building Realty Corporation v. Hannegan*, 8 Cir., 139 F.2d 583, 587.
[4] *Cintron-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 525–26 (1st Cir. 2002); citing: *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).
[5] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007); citing: *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir.2003).

The rule "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."[6] The "threshold requirement" of Rule 8(a)(2) is "that the 'plain statement' possess enough heft to show that the pleader is entitled to relief."[7] Further, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level."[8]

Additionally, Rule 8(d) requires "simplicity, directness, and clarity" of the statement of facts.[9] Thus, if the "pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose is defeated. Only by months or years of discovery and motions can each defendant find out what he is being sued for. The expense and burden of such litigation promotes settlements based on the anticipated litigation expense rather than protecting immunity from suit."[10]

Dismissal of action for failure to comply with the requirement that pleadings contain a short and plain statement of a claim showing that the pleader is entitled to relief is a decision which rests within sound discretion of district court.[11] Plaintiff's Complaint is defective, as it fails to satisfy the requirements of Rule 8(a)(2), and should be dismissed.

<u>ARGUMENT AND AUTHORITY</u>

<u>PART 1: OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT</u>

This Court does not have jurisdiction to hear the Plaintiffs' causes of action against Defendant Town on the claims of (1) Abuse of Process, (2) Intentional Infliction of Emotional Distress, (3) Interference with a Contract, and (4) Assault. The Oklahoma Governmental Tort Claims Act (hereinafter "OGTCA" or "Act") is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort.[12] Subject only to the specific limitations and exceptions, governmental immunity is waived under the OGTCA.[13] That is to say; the OGTCA

---

[6] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); citing: *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Internal quotations omitted.
[7] *Phillips*, 515 F.3d at 231–32, supra; citing: *Twombly*, 127 S. Ct. at 1966, supra. Internal quotations omitted.
[8] *Phillips*, 515 F.3d at 231–32, supra; citing: *Twombly*, 127 S. Ct. at 1965, supra. Internal quotations omitted.
[9] *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). FED. R. CIV. P. 8(d)(1).
[10] *McHenry*, 84 F.3d at 1178, supra. See also: *Renshaw v. Renshaw*, 153 F.2d 310, 311 (D.C. Cir. 1946); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985).
[11] *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).
[12] *Tuffy's Inc., v. City of Oklahoma City*, 2009 OK 4, ¶7, 212 P.3d 1158, 1163.
[13] *Tuffy's*, ¶7, 212 P.3d at 1163, supra.

generally extends governmental accountability to torts for which a private person or entity would be liable.[14] However, the Act contains a list of conditions which exempt political subdivisions from liability or loss resulting from one of those thirty-seven (37) listed conditions.[15]

Compliance with the OGTCA is a jurisdictional prerequisite to a civil action under the statute, and such compliance must therefore be specifically alleged in a plaintiff's complaint.[16] Before a plaintiff may bring suit against a governmental subdivision, he must first provide a notice of tort claims to said entity.[17] Such notice must include certain information.[18] A complaint or petition must **specifically allege** that the Plaintiffs have complied with the OGTCA notice requirements.[19] Failure to present written notice as required by the OGTCA results in a permanent bar of any action derivative of the tort claim.[20] Plaintiffs have failed to satisfy the obligatory requirements of notice. The Amended Petition, therefore, must be dismissed due to a lack of jurisdiction.

The purposes of Oklahoma Governmental Tort Claims Act notice requirement are to further legitimate interests by promoting prompt investigation, providing the opportunity to repair any dangerous condition and for speedy and amicable settlement of meritorious claims, and to allow the opportunity to prepare to meet possible fiscal liabilities.[21] An assertion that the notice requirements have been met is "necessary to invoke the power of the trial court to remedy the alleged tortious wrongs" by a government entity.[22] Substantial compliance with the notice

---

[14] *Salazar v. City of Oklahoma City*, 1999 OK 20, ¶ 26, 976 P.2d 1056, 1066.
[15] OKLA. STAT. tit. 51 § 155.
[16] *Sutherlin v. Indep. Sch. Dist. No. 40 of Nowata Cnty., Okla.*, 960 F. Supp. 2d 1254, 1269 (N.D. Okla. 2013); citing: *Morris v. City of Sapulpa*, 2011 WL 1627098 (N.D.Okla. Apr. 28, 2011) aff'd sub nom; *Morris v. Noe*, 672 F.3d 1185 (10th Cir.2012). See also: *Stout*, ¶ 30, 419 P.3d 382, 389, supra; citing: *Hall v. GEO Group, Inc.*, 2014 OK 22, ¶ 13, 324 P.3d 399; OKLA. STAT. tit. §§ 156, 157.
[17] *Alburtus v. Indep. Sch. Dist. No. 1 of Tulsa Cnty.*, 2020 OK CIV APP 39, ¶ 10, 469 P.3d 742, 745; citing: *Watkins v. Central State Griffin Memorial Hospital*, 2016 OK 71, ¶21, 377 P.3d 124. See also: OKLA. STAT. tit. §§ 156, 157
[18] See: OKLA. STAT. tit. 51 § 156.
[19] *Sutherlin v. Indep. Sch. Dist. No. 40 of Nowata Cnty., Okla.*, 960 F. Supp. 2d 1254, 1269 (N.D. Okla. 2013); citing: *Morris v. City of Sapulpa*, 2011 WL 1627098 (N.D.Okla. Apr. 28, 2011) aff'd sub nom; *Morris v. Noe*, 672 F.3d 1185 (10th Cir.2012). See also: *Stout*, ¶ 30, 419 P.3d 382, 389, supra; citing: *Hall v. GEO Group, Inc.*, 2014 OK 22, ¶ 13, 324 P.3d 399.
[20] *Harmon v. Cradduck*, 2012 OK 80, ¶ 28, 286 P.3d 643, 652
[21] *Alburtus*, Okla.Civ.App. Div. 1, 469 P.3d 742, supra.
[22] *Simington v. Parker*, 2011 OK CIV APP 28, ¶ 26, 250 P.3d 351, 358; citing: *Girdner v. Board of Commissioners of Cherokee County*, 2009 OK CIV APP 94, ¶ 23, 227 P.3d 1111(mandate issued November 19, 2009).

requirements of the OGTCA is satisfactory only if enough information is provided to fulfill the purposes of those requirements.[23]

If a petition is silent as to whether the plaintiff, in fact, followed the notice provisions of the OGTCA and timely filed his petition after denial of the claim, then jurisdiction has not been established.[24]

Nowhere within the fifty (50) paragraphs of factual allegations do Plaintiffs allege that they have complied with the notice requirements of the OGTCA. To the knowledge of the undersigned, the Plaintiffs did not serve proper notice on Defendant Town pursuant to the OGTCA prior to the commencement of the present civil action. Therefore, Plaintiffs have failed to establish jurisdiction in this Court.

### PART 2: FAILURE TO STATE A CLAIM

Plaintiffs' Amended Petition does not plead sufficient facts to permit Plaintiff to proceed on any cause of action. The Petition and Amended Petition (sometimes collectively referred to herein as "Petitions") include several alleged causes of action. Additionally, the Petitions include numerous irrelevant and insubstantial allegations against several parties. However, the Petitions are entirely lacking as to pleading the essential factual elements of any of their proposed causes of action against Defendant Town.

Despite the many allegations contained in the Petitions, most of the facts recited in the "Jurisdiction and Facts" section of the Amended Petition are not relevant to any cause of action against Town. The only such factual allegations apparently related to any theory of recovery against Town are: 1) Employee Oliver's alleged attempt to secure a Protective Order against the Plaintiffs, 2) alleged violations of the Open Records Acts, and 3) an alleged "civil conspiracy" to facilitate an opportunity for the Plaintiffs to be "intimidated."

The great majority of the factual allegations in the Amended Petition are not possibly related to any fact relevant to a theory of recovery by Plaintiffs against any party to this lawsuit. Of the fifty (50) paragraphs of factual assertions in the Amended Petition, only eleven (11) can be

---

[23] *Kennedy v. City of Talihina*, 2011 OK CIV APP 108, ¶ 6, 265 P.3d 757, 760; citing: *Mansell v. City of Lawton*, 1995 OK 81, ¶ 9, 901 P.2d 826, 830.
[24] *Simington*, ¶ 26, 250 P.3d 351, 358, supra.

said to relate to the asserted causes of action against Town. Therefore, for the most part, this Motion will ignore factual assertions which are irrelevant.

**Part 2a: Abuse of Process**

Plaintiffs' first asserted cause of action is one for "Abuse of Process." The quintessence of abuse of process is "not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends."[25] The tort's elements are (1) the improper use of the court's process (2) primarily for an ulterior or improper purpose (3) with resulting damage to the plaintiff asserting the misuse.[26] Although a plaintiff in a predicate action may have been motivated by bad intention, there is no abuse if the court's process is used legitimately to its **authorized** conclusion.[27]

Improper use means a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process.[28]

As noted by the Oklahoma Supreme Court, the significance of the word "primarily" is that "there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant."[29] If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint/petition there is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim.[30]

Stated another way; if process is used for its proper and intended purpose, the mere fact that it has some other collateral effect, such as exerting pressure on a party, does not constitute abuse of process.[31] There must be some "definite **act** or **threat**" not authorized by the process and

---

[25] *Greenberg v. Wolfberg*, 1994 OK 147, ¶ 22, 890 P.2d 895, 905; citing: *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).
[26] *Greenberg*, ¶ 22, 890 P.2d at 905, supra: citing: *Nienstedt v. Wetzel*, 133 Ariz. 348, 651 P.2d 876, 880 (1982); *Neil v. Pennsylvania Life Insurance Company*, Okl., 474 P.2d 961, 965 (1970); *Houghton v. Foremost Financial Services Corp.*, 724 F.2d 112, 116 (10th Cir.1983); Restatement (Second) of Torts § 682.
[27] *Greenberg*, ¶ 22, 890 P.2d at 905, supra; citing: *Donohoe Const. Co. v. Mount Vernon Assocs.*, 235 Va. 531, 540, 369 S.E.2d 857, 862 (1988). Emphasis original. See also: *Bank of Oklahoma, N.A. v. Portis*, 1997 OK CIV APP 32, ¶ 27, 942 P.2d 249, 255.
[28] *Marlin Oil Corp. v. Barby Energy Corp.*, 2002 OK CIV APP 92, ¶ 13, 55 P.3d 446, 450; citing: *Tulsa Radiology Associates, Inc. v. Hickman*, 1984 OK CIV APP 11, 683 P.2d 537, 539.
[29] *McGinnity v. Kirk*, 2015 OK 73, ¶ 64, 362 P.3d 186, 204; citing: Restatement (Second) of Torts § 682.
[30] *McGinnity*, ¶ 64, 362 P.3d at 204, supra.
[31] *Gore v. Taylor*, 1990 OK CIV APP 24, ¶ 19, 792 P.2d 432, 436.

there is "no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."[32]

While the Plaintiffs' Amended Petition contains fifty (50) paragraphs of factual allegations, it could only be argued that a maximum of six (6) of those paragraphs have any bearing on an allegation of Abuse of Process on the part of Defendant Town. Paragraphs 21, 29, 31, 32, 33 and 34 address Oliver's attempts to obtain a protective order against the Plaintiffs. That is to say; none of the other factual assertions in the "Jurisdiction and Facts" section of the Amended Petition assert any facts which could possibly be related to a claim of Abuse of Process against Defendant Town.

Although the Plaintiffs make various allusions as to what they believe the motivation behind the Oliver's seeking of protective orders, they fail to allege the necessary elements of Abuse of Process. Conclusory allegations that the protective orders were pursued, in part, for some ignoble motive are not sufficient to establish a cause of action for Abuse of Process.

Each of the Protective Orders referenced in the Amended Petition are brought on the grounds of Stalking committed by the Plaintiffs. The sworn statements attached thereto set forth a plausible prima facia fact pattern showing that such stalking did occur. Additionally, the narrative of events described by Plaintiffs in the Amended Petition appear to suggest that they have engaged in stalking and harassment of Oliver. It cannot be argued in good faith that "the process was not used for the purpose for which it is intended," or that the protective order process was not "confined to its regular and legitimate function." Plaintiffs have not plead that there has been, on the part of Defendant Town, an overt "definitive act or threat" that is not authorized by the process. Even if Plaintiffs are offended due to their imagining of an unkind motive on the part of Employee Oliver, they have failed to allege sufficient facts to proceed on a cause of action for Abuse of Process.

Additionally, as argued above, when a tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of employees, there can be no liability against a political subdivision in a suit based on the OGTCA.[33] Abuse of process requires "some act or threat directed to an immediate objective not legitimate in the use of the process," and if the "action is confined to its regular and legitimate function in relation to the cause of action

---

[32] *Gore*, ¶ 17, 792 P.2d at 435–36, supra. Emphasis original.
[33] *Tuffy's*, ¶ 13, 212 P.3d at 1164, supra.

stated in the complaint there is no abuse."[34] Therefore, Abuse of Process requires proof of an element that necessarily excludes good faith conduct on the part of employees. Thus, there can be no liability against Defendant Town.

**Part 2b: Intentional Infliction of Emotional Distress**

Next, Plaintiffs' second asserted cause of action is for "Intentional Infliction of Emotional Distress." Oklahoma law "recognizes the tort of intentional infliction of emotional distress, also known as outrage."[35] One commits the tort of intentional infliction of emotional distress by extreme and outrageous conduct which the actor knows will cause, or is substantially certain, to cause severe emotional distress to another.[36] In order to recover, "a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe."[37]

To ensure that only valid claims reach a jury, the trial court must initially act as a gatekeeper to determine if an alleged tortfeasor's conduct is sufficiently extreme and outrageous and if the plaintiff suffered severe emotional distress.[38] Intentional infliction of emotional distress does not provide redress for every invasion of emotional serenity or every anti-social act, and it does not protect mere hurt feelings, no matter how justified.[39] Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.[40] The tort of intentional infliction of emotional distress "protects emotional tranquility against serious invasion only. Extraordinary transgression of the bounds of civility is required."[41]

The test is whether the alleged tortfeasor's conduct is simply one of those unpleasant examples of human behavior which we all must endure from time to time, or whether it has so totally and completely exceeded the bounds of acceptable social interaction that the law must

---

[34] *McGinnity*, ¶ 64, 362 P.3d at 204, supra.
[35] *Warren v. United States Specialty Sports Ass'n*, 2006 OK CIV APP 78, ¶ 19, 138 P.3d 580, 585; citing: *Miner v. Mid–America Door Co.*, 2003 OK CIV APP 32, ¶ 41, 68 P.3d 212, 223.
[36] *Breeden v. League Services Corp.*, 575 P.2d 1374, 1376-77 (Okla. 1978); citing: *Munley v. ISC Financial House, Inc.*, 584 P.2d 1336, 1338 (Okla.1978).
[37] *Warren*, ¶ 19, 138 P.3d at 585; supra; citing: *Computer Publ'ns, Inc. v. Welton*, 2002 OK 50, ¶ 7, 49 P.3d 732, 735.
[38] *Warren*, ¶ 22, 138 P.3d at 585, supra; citing: *Computer Publ'ns*, ¶ 16, 49 P.3d at 737, supra.
[39] *Miller v. Miller*, 1998 OK 24, ¶ 33, 956 P.2d 887, 900; citing: *Eddy v. Brown*, 1986 OK 3, ¶ 7, 715 P.2d 74, 77.
[40] *Warren*, ¶ 21, 138 P.3d at 585, supra; citing: *Eddy*, ¶ 7, 715 P.2d at 77, supra.
[41] *Warren*, ¶ 21, 138 P.3d at 585, supra; citing: *Eddy*, at n. 6, 715 P.2d 74, supra.

provide redress.[42] Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'[43]

It is the trial court's responsibility initially to act as gatekeeper: to determine whether the defendant's conduct may reasonably be regarded as sufficiently extreme and outrageous to meet the standard of the tort of Outrage. Only when it is found that reasonable people would differ in an assessment of this central issue may the tort of intentional infliction of emotional distress be submitted to the jury.[44]

The Plaintiffs have failed to allege any act on the part of Defendant Town which could possibly satisfy the definition of "outrageous" conduct. It cannot possibly be proven that Town's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Further, Plaintiff has not plead facts sufficient to demonstrate that the distress allegedly suffered by Plaintiff was sufficiently "severe" or "extreme."

Further, as argued above, when a tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of employees, there can be no liability against a political subdivision in a suit based on the OGTCA.[45] It is impossible "to prove a claim for outrage if the defendant has acted in good faith."[46] A claim for intentional infliction of emotional distress "requires proof of some intentional or reckless, extreme and outrageous conduct, equivalent […] to bad faith."[47] Thus, a municipality covered by the OGTCA cannot be held liable for a claim of intentional infliction of emotional distress. Conversely, if municipal

---

[42] *Miller*, ¶ 33, 956 P.2d at 901, supra.
[43] *Miller*, ¶ 33, 956 P.2d at 901, supra.
[44] *Miller*, ¶ 34, 956 P.2d at 901, supra.
[45] *Tuffy's*, ¶ 13, 212 P.3d at 1164, supra.
[46] *McMullen v. City of Del City*, 1996 OK CIV APP 46, ¶ 8, 920 P.2d 528, 531; citing: *Hawkins v. Greene*, 311 S.C. 88, 427 S.E.2d 692, 693 (Ct.App.1993).
[47] *Chenoweth v. City of Miami*, 2010 OK CIV APP 91, ¶ 15, 240 P.3d 1080, 1084. See also: *Shaw v. City of Oklahoma City*, 2016 OK CIV APP 55, ¶ 14, 380 P.3d 894, 897

employees acted intentionally and willfully to cause plaintiff(s) emotional distress, and never acted in good faith, then they were not acting within scope of their employment.[48]

**Part 2c: Violation of Civil Rights**

As their third cause of action, Plaintiffs allege that the actions of Town "constitute a violation of the Civil Rights of Plaintiffs guaranteed them by the Constitution of the United States of America, the Constitution of the State of Oklahoma, and the First Amendment to the United States Constitution." Plaintiffs bring said cause of action pursuant to 42 U.S.C. § 1983.[49]

A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff.[50] A plaintiff "must show the following to establish municipal liability: 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."[51]

A municipal policy or custom "may take the form of (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused."[52]

Plaintiffs have not alleged sufficient facts to establish that any official custom or policy exists which caused his civil rights to be violated. Nor have Plaintiffs alleged that there is a causal link between any such custom or policy and the Plaintiffs alleged damages. As such, their cause of action for "Violation of Civil Rights" against Town Defendant should be dismissed.

---

[48] *McMullen*, ¶ 7, 920 P.2d at 531, supra.
[49] See: Amended Petition at page 8, paragraphs 64 and 65.
[50] *Wright v. Bd. of Cnty. Commissioners of Carter Cnty.*, 2020 OK CIV APP 46, ¶ 31, 475 P.3d 409, 418; citing: *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).
[51] *Wright*, ¶ 31, 475 P.3d at 418, supra; citing: *Hinton*, 997 F.2d at 782, supra. See also: *Wilson v. City of Tulsa*, 2004 OK CIV APP 44, ¶ 25, 91 P.3d 673, 681.
[52] *Wright*, ¶ 31, 475 P.3d at 418, supra; citing: *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189-90 (10th Cir.2010); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *City of Canton v. Harris*, 489 U.S. 378, 388-91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Internal quotation marks and brackets omitted.

**Part 2d: Injunction**

As their fourth cause of action, Plaintiffs request "an order enjoining Defendants from filing further protective order matters in other counties in the State of Oklahoma related to this issue." Plaintiff make this request pursuant to the temporary injunction statute at OKLA. STAT. tit. 12 § 1382.[53]

An injunction is an extraordinary remedy that should not be lightly granted.[54] Entitlement to injunctive relief must be established in the trial court by clear and convincing evidence and the nature of the complained of injury must not be nominal, theoretical or speculative.[55] There must be a reasonable probability that the injury sought to be prevented will be done if no injunction is issued — a mere fear or apprehension of injury will not be sufficient.[56]

A plaintiff seeking injunctive relief "must be able to show that he has some right with respect to the subject of the action that **is being or about to be violated** before he is entitled to an injunction, and in the absence of such showing the court is without authority to grant such relief."[57]

Plaintiff have failed to plead any facts which demonstrate that they are entitled to the requested injunctive relief. Plaintiffs have not demonstrated that any right is being violated, or is about to be violated. Rather, Plaintiff merely expresses speculative apprehension of future "bogus" protective order cases. Plaintiffs have not expressed any reasonable basis for a belief that any such "bogus" cases are on the verge of being filed.

Additionally, the Town of Bokoshe has never sought the issuance of a Protective Order against the Plaintiffs. The Town of Bokoshe has never instructed any party to pursue a Protective Order against the Plaintiffs. It is not even possible for a municipality to be issued Protective Orders against the Plaintiffs. The Plaintiff cannot establish sufficient facts to evoke the "extraordinary remedy" of an injunction.

---

[53] See: Amended Petition, page 8, paragraph 70.
[54] *Sharp v. 251st St. Landfill, Inc.*, 1996 OK 109, ¶ 5, 925 P.2d 546, 549; citing: *Jackson v. Williams*, 1985 OK 103, ¶ 9, 714 P.2d 1017, 1020; *Amoco Production Co. v. Lindley*, 609 P.2d 733, 745 (Okla.1980).
[55] *Sharp*, ¶ 5, 925 P.2d at 549, supra; citing: *Jackson*, ¶ 9, 714 P.2d at 1020, supra; *Sunray Oil Co. v. Cortez Oil Co.*, 188 Okla. 690, 112 P.2d 792, 796 (1941).
[56] *Sharp*, ¶ 5, 925 P.2d at 549, supra; citing: *Jackson*, ¶ 9, 714 P.2d at 1020, supra; *Sunray*, 112 P.2d at 796, supra.
[57] *Truttman v. City of McAlester*, 1952 OK 148, ¶ 10, 206 Okla. 297, 299, 243 P.2d 352, 354. Emphasis added.

**Part 2e: Interference with Contract**

Plaintiffs assert a claim for "Interference with Contract" as their fifth cause of action. Plaintiffs allege that "Defendants intentionally sought to interfere with Plaintiffs' contractual obligations with Guerrilla Publishing, LLC by bringing the protective order matters."[58] Oklahoma recognizes a "tortious interference claim with a contractual or business relationship if the plaintiff can prove (1) the interference was with an existing contractual or business right; (2) such interference was malicious and wrongful; (3) the interference was neither justified, privileged nor excusable; and (4) the interference proximately caused damage."[59]

The conclusory assertions contained in the Amended Petition are not sufficient to satisfy these four elements of a tortious interference claims. Even ignoring such deficiencies, Plaintiffs may not bring a tortious interference claim against Town.

The element of malice, for malicious interference, is defined as an unreasonable and wrongful act done intentionally, without just cause or excuse.[60] This element "clearly requires a showing of bad faith."[61] Because the "element of malicious and wrongful interference necessarily involves some degree of bad faith, a political subdivision is not liable for malicious interference with a business relationship committed by its employees because bad faith actions are specifically excluded from the [OGTCA's] definition of the scope of employment."[62] Thus, Town is exempt from liability for Plaintiffs' claims for interference with a contract.

**Part 2f: Demand for Access and Inspection of Records**

As Plaintiffs' sixth cause of action, they state that the "Court should Compel Defendants to open the records for inspection and copying." Plaintiffs bring this request pursuant to the Oklahoma Open Records Act.[63]

---

[58] See: Amended Petition, page 9, paragraph 75.
[59] *Berry & Berry Acquisitions, LLC v. BFN Properties LLC*, 2018 OK 27, 416 P.3d 1061, 1075; citing: *Wilspec Techs., Inc. v. DunAn Holding Grp., Co.*, 2009 OK 12, ¶ 15, 204 P.3d 69, 74.
[60] *Tuffy's*, ¶ 14, 212 P.3d at 1165, supra; citing: *Morrow Dev. Corp. v. Am. Bank & Tr. Co.*, 1994 OK 26, 875 P.2d 411; *Waggoner v. Town & Country Mobile Homes, Inc.*, 1990 OK 139, 808 P.2d 649; *Schonwald v. Ragains*, 1912 OK 210, 32 Okla. 223, 122 P. 203.
[61] *Tuffy's*, ¶ 14, 212 P.3d at 1165, supra.
[62] *Tuffy's*, ¶ 14, 212 P.3d at 1165, supra. See also: *Thompson v. City of Shawnee*, No. CIV-09-1350-C, 2010 WL 2736962, at *1 (W.D. Okla. July 12, 2010); *Architects Collective v. Gardner Tanenbaum Grp., L.L.C.*, No. CIV-08-1354-D, 2010 WL 2721401, at *4 (W.D. Okla. July 6, 2010).
[63] See: Amended Petition, page 10, paragraph 82.

Plaintiffs request is so vague and broad as to be meaningless. Generally, all records of public bodies and public officials shall be open to any person for inspection.[64] No order of this Court is required. Plaintiff has not alleged any material facts regarding any alleged denial of access to records which would require any action by this Court.

### Part 2g: Assault

Plaintiffs' seventh cause of action is one for "Assault" arising from the alleged actions performed exclusively Defendant Whitecotton. Plaintiffs allege that the Defendant Town is liable for the alleged actions of Whitecotton because all of the Defendants "working in concert, set it up for" the Plaintiffs to be intimidated and harassed, and that the Defendants formed a "civil conspiracy."[65]

Plaintiffs offer absolutely no factual support for these conclusory statements. Plaintiffs do not claim to have any knowledge that could possibly establish that the Defendant Town was involved in any sort of scheme to cause the Plaintiffs to be assaulted. Indeed, they cannot have any evidence to such a fact, because no such evidence exists.

Plaintiffs have not plead sufficient facts to establish the elements of Assault as to Defendant Town. Thus, the cause of action for Assault must be dismissed.

**WHEREFORE**, Defendant Town prays the Court: enter an Order of Dismissal as to Plaintiffs' Petition and First Amended Petition; deny all reliefs for request included therein; and any other relief the Court deems appropriate.

Respectfully submitted,

STEIDLEY & NEAL, P.L.L.C.
*Attorneys for Defendants*
*Joey Don Oliver and Town of Bokoshe*

---

[64] OKLA. STAT. tit. 51, § 24A.5.
[65] See: Amended Petition, page 6, paragraphs 48 – 50.

By: _s/Sean M. McKelvey_
Sean M. McKelvey, OBA #17098
smm@steidley-neal.com
Meaghen E. Clark, OBA #32830
mac@steidley-neal.com
Eli C. Bland, OBA #32976
ecb@steidley-neal.com
P.O. Box 1165
McAlester, OK 74502
(918)423-4611
(918)423-4620 – fax

**Certificate of Service**

_____ I hereby certify that on the _____ day of August 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

None

__X__ I hereby certify that on the 15th day of August 2024, I served the attached document by U.S. Mail, certified return receipt, with postage fully prepaid, on the following who are not registered participants of the ECF System:

Ronald E. Durbin, II
8703 S. Winston Avenue
Tulsa, Oklahoma 74137
_Pro Se Plaintiff_

Sean Buckner
107360 S 4650 Rd
Sallisaw, Oklahoma 74955
_Pro Se Plaintiff_

__s/Sean M. McKelvey__
of Steidley & Neal, P.L.L.C.